## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN  DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                    **CR 05-PT-061-S**

**JEWELL C. "CHRIS" McNAIR**
**GRADY R. "ROLAND" PUGH**
**JOSEPH E. "EDDIE" YESSICK**
**ROLAND PUGH CONSTRUCTION, INC.**
**BOBBY J. RAST**
**DANIEL B. "DANNY" RAST,**
**RAST CONSTRUCTION, INC.**
**FLOYD W. "PAT" DOUGHERTY**
**F. W. DOUGHERTY ENGINEERING**
**& ASSOCIATES, INC.**

          **Defendants**

## MEMORANDUM

We discussed this issue on March 16, 2006.

In *Thompson v. U.S.*, 342 F.2d 137 (5th Cir. 1965), the prosecutor used a report, based on

the notes of an informer but prepared by a government agent, to refresh the memory of the

informer on the stand. The Fifth Circuit found:

> The principal requirements for the use of the statement for the purpose were that
> the witness demonstrated a need for having his memory refreshed and that the
> paper used had that effect. The reliability or truthfulness of the statement was
> relevant only to the problem of the weight and credibility to be accorded the witness'
> testimony. The fact that a government agent instead of the witness prepared the
> statement is inconsequential.

*Thompson v. U.S.*, 342 F.2d 137, 139 -140 (5th Cir. 1965).

In *Esperti v. U.S.*, 406 F.2d 148, 150 (1969), the Fifth Circuit held that "[i]t is hornbook law that

any writing may be used to refresh the recollection of a witness."

Federal Rule of Evidence 612 controls the use of a writing to refresh the recollection of a witness in so much as it requires the writing be produced to the other side upon demand. However, the use of a writing itself is governed by established common law practices. According to Wigmore on Evidence, Vol. III, §§ 758-759, it is a general principle that any writing may be used to refresh the recollection of a witness, even it that writing is not made by the witness himself. *See U.S. v. Schwartzbaum*, 527 F.2d 249, 253 (2d Cir. 1975). However, the predicate must be laid that (1) the witness has exhausted his or her memory, (2) the writing accurately reflects the witness' statements or is adopted by the witness as true, and (3) the time, place and person to whom the writing was given is shown. 73 A.L.R. Fed. 423 § 2.

This the 17th day of March, 2006.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**