IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN   DIVISION

UNITED STATES OF AMERICA

VS.                                                                               CR 05-PT-61-S

JEWELL C. "CHRIS" McNAIR
GRADY R. "ROLAND" PUGH
JOSEPH E. "EDDIE" YESSICK
ROLAND PUGH CONSTRUCTION, INC.
BOBBY J. RAST
DANIEL B. "DANNY" RAST,
RAST CONSTRUCTION, INC.
FLOYD W. "PAT" DOUGHERTY
F. W. DOUGHERTY ENGINEERING
& ASSOCIATES, INC.

          **Defendants**

**MEMORANDUM OPINION AND ORDER**

This cause comes on to be heard on Defendant Roland Pugh's Offer of Additional Grounds to Exclude Evidence, Request for Instruction, or in the alternative Rejoinder filed on April 4, 2006.

The court will write to the "Offer" to correct at least one wrong characterization therein and respond to some assertions.

The statement that "The court stated that it required 404(b) notices for its own convenience" is <u>totally</u> <u>misleading</u>.[1]  At the time of the court's "require[ment]," the 404(b) notice had already been given.  When a dispute arose concerning that notice, the court required

---

[1] If not deliberately false there has been an attempt to twist the intent and purpose of the court's statement that it wanted the Government to elucidate and elaborate so that the court could consider the motions in limine.

further information so that it could further assess the 404(b) information and rule on motions in limine relating thereto.  The record will reveal that before the court made its remarks, not only had the 404(b) notice been given, there had been a number of motions in limine directed toward that notice.

Rule 404(b) requires "reasonable notice in advance of trial."  It further provides that notice can be given "during trial if the court excuses pretrial notice on good cause shown…"

Even assuming that certain of the cash payment and cash deposit evidence would arguably be to "prove character,"[2] the defendants have shown through their arguments that they have been well aware of the situation and the potential.  The suggestions of prejudice are significantly overstated.[3]

The defendants have continually suggested that what might be relevant as to another conspiracy cannot be relevant as to the conspiracy charged here.  That is not the law.

The defendants have suggested that the significance of numerous cash deposits and cash payments are irrelevant.  By way of analogy, this court notes the significance which has been given to cash in drug trafficking cases.  The court cannot imagine repeated cash related evidence in such cases being excluded.  It is doubtful that such "cash" evidence would be considered as "character" or "conformity" evidence in a drug case.

Since the Singh, Key and USI related deposits are suggested to be considered <u>Brady</u> material, the court will order that the Government provide that information.[4]

Many of the arguments made in this case have been of the type not only rejected but also

---

[2] In this court's opinion it is integral to the charges of bribery being tried.

[3] Creating a strong inference is not tantamount to prejudice.

[4] The court is advised that this has already been done.

criticized by the Eleventh Circuit in U. S. v. Jordan.

To the extent that an "offer" is due to be ruled upon, the "Offer" is **OVERRULED**.[5]

**DONE** and **ORDERED** this  5th  day of April,  2006.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[5]The jury will be instructed that they must consider the evidence separately as to each defendant and to apply that evidence only to the applicable defendants.  Some of the evidence may relate to the conspiracy charge even if a particular defendant was not directly involved.